UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>            Plaintiff,<br><br>       v.<br><br>NOAH MARSHALL, et al.,<br><br>            Defendants. | Case No.   1:22-cv-00681-AWI-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 1) |

Plaintiff Jared Andrew Martin is confined at the Madera County Jail and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 11). The complaint, filed on June 6, 2022, generally alleges that Defendants Noah Marshall, a deputy district attorney for the County of Madera County; Sally O. Moreno, the district attorney for the County of Madera; the County of Madera; and the City of Madera, are conspiring to unlawfully convict him of crimes in state court despite knowing that he is innocent.

The Court concludes that the complaint fails to state any cognizable claims that can proceed at this time, in light of the ongoing state criminal proceedings. Under settled Federal law, this Court will generally not intervene in a pending state court proceeding. Plaintiff must challenge the evidence used against him in that state proceeding, and, if found guilty, on appeal. Additionally, Plaintiff's claim of malicious prosecution fails to state a claim because he cannot allege that the case was terminated in his favor and because he does not allege that the motive of

1

the prosecution was to prevent his exercise of constitutional rights.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by pretrial detainees or prisoners seeking relief against a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a) (requiring court to review civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"); § 1915A(c) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 11). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint lists three claims and states that the violations of his rights occurred in Madera, California. For each claim, he lists the following Constitutional Amendments as having been violated—the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments—and provides a brief recitation of facts.

For his first claim, Plaintiff states that he began contacting the Madera County District Attorney's Office in April 2020, informing them that correctional officers "in prison" were "beating and abusing" him.[1] He asked that certain correctional officers be arrested. However, "[t]he District Attorney[2] did not stop the torture and terrorism" but instead "has conspired with corrupt prison officials to send [Plaintiff] back to prison for crimes [he] did not commit." Defendant Marshall "is engaging in malicious prosecution and prosecutorial misconduct and obstructing justice." And the District Attorney is prosecuting him on "false charges."

For his second claim, Plaintiff states that the District Attorney has misrepresented facts in open court. Defendant Marshall has attempted to violate his rights regarding self-representation by asking the state court to deny him *pro per* status. Further, the District Attorney has partnered with the Madera County Sherriff and correctional officers to withhold evidence of his innocence. The District Attorney and Judge Dale J. Blea "are rescheduling [his] court dates without notice and without [his] permission." The District Attorney's Office and Judge Blea are attempting to send him to prison on charges that they know to be false and are holding his hearings in secret.

For his third claim, Plaintiff states that Defendants Moreno, Marshall, the County of Madera, and the City of Madera—along with non-parties[3] Judge Blea and the Madera County Sherriff's Office—"have used their resources for racism, abuse, corruption, [and] illegal and unconstitutional convictions." They are trying to set up Plaintiff to go to prison on false charges

---

[1] For readability, minor alterations, such as correcting misspelling, have been made to Plaintiff's quoted statements without indicating each change.

[2] The Court assumes that Plaintiff's references to "the District Attorney" are directed to Defendant Sally O. Moreno, the District Attorney for the County of Madera.

[3] Because Plaintiff does not name Judge Blea or the Madera County Sherriff's Office as Defendants in this case, the Court assumes that Plaintiff mentions them to only to provide context for his claims against the named Defendants. *See* Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all the parties).

because he is "poor and black" and to "keep themselves in power." Plaintiff cannot afford to post bail or hire an attorney. Lastly, Plaintiff has been charged with crimes that the District Attorney knows he is not guilty of, and the District Attorney is withholding and suppressing evidence.

As for relief, Plaintiff seeks millions in monetary damages, assistance from the United States Attorney, FBI protection, a restraining order and injunctions, a jury trial, and to be free from "set ups and abuse."

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.      Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional

harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. *Younger* Abstention

Plaintiff's complaint primarily contests the prosecution's case against him in a pending criminal case and seeks injunctive relief. Accordingly, the Court first looks at the law regarding requests for injunctions related to ongoing proceedings.

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "*Younger* abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, internal quotation marks and citation omitted); *accord Trump v. Vance*, 140 S. Ct. 2412, 2420 (2020) (noting *Younger* "generally precludes federal courts from intervening in ongoing state criminal prosecutions").

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief

1  seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."
2  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and
3  citation omitted).
4    Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of
5  Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (stating that, when abstaining under *Younger*, "a
6  district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive
7  relief") (internal citation omitted). But "federal courts should not dismiss actions where damages
8  are at issue; rather, damages actions should be stayed until the state proceedings are completed."
9  *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).
10   Lastly, "[f]ederal courts will not abstain under *Younger* in extraordinary circumstances
11 where irreparable injury can be shown." *Page*, 932 F.3d at 902 (internal quotation marks and
12 citation omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the
13 necessary irreparable injury." *Younger*, 401 U.S. at 53.
14   Here, this case falls squarely withing *Younger*. While Plaintiff does not specify what type
15 of "restraining order and injunctions" this Court should order, his allegations revolve around
16 alleged misconduct in his state court criminal prosecution, and thus any injunctive relief must be
17 related to his criminal proceedings, such as enjoining his prosecution. However, such state
18 proceedings implicate important state interests in conducting criminal matters unimpeded. *Kelly*
19 *v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in
20 administering their criminal justice systems free from federal interference is one of the most
21 powerful of the considerations that should influence a court considering equitable types of
22 relief"); *Mackey v. Montrym*, 443 U.S. 1, 17 (1979) (finding that a state has a "paramount interest
23 . . . in preserving the safety of its public highways").
24   Moreover, Plaintiff has an adequate opportunity to raise his federal claims in the state
25 proceedings, such as by challenging the alleged withholding of evidence in his criminal
26 proceedings. Notably, "*Younger* requires only the absence of 'procedural bars' to raising a federal
27 claim in the state proceedings." *Communications Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196
28 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees

need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate").

Finally, Plaintiff has not alleged any extraordinary circumstances or irreparable injury that would warrant a deviation from *Younger* abstention. While he generally alleges "corruption" and "abuse" regarding his prosecution, such conclusory allegations are not enough. *See Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 937 (E.D. Cal. 2021) ("Evidence of bad-faith harassment must be more than multiple prosecutions, must be more than conclusory statements about motive, must be more than a weak claim of selective prosecution, and must be more than the prosecution of close cases.") (quoting *Kihagi v. Francisco*, No. 15-CV-01168-KAW, 2016 WL 5682575, at *4 (N.D. Cal. Oct. 3, 2016)).

In conclusion, Plaintiff cannot obtain injunctive relief related to his current criminal proceedings through this § 1983 action. Plaintiff may challenge evidentiary issues in state court, and if convicted, on appeal. He or his lawyer may cross-examine witnesses at trial regarding their alleged contradictions and opposing evidence. However, this § 1983 case is not a vehicle to interfere with that state prosecution.

### C. Malicious Prosecution

Plaintiff's complaint also requests damages. To the extent that Plaintiff alleges viable constitutional claims for damages, a court should typically stay such claims pending the criminal proceedings, including appellate proceedings. *See Huffman v. Pursue*, *Ltd.*, 420 U.S. 592, 608 (1975) ("For regardless of when the Court of Common Pleas' judgment became final, we believe that a necessary concomitant of Younger is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in Younger."); *Jones v. Shafer*, No. 1:07-CV-01498-OWW-DLB-PC, 2010 WL 546155, at *3 (E.D. Cal. Feb. 10, 2010) (ordering dismissal of claims for injunctive and declaratory relief under *Younger* and stay of claims for monetary damages).

Although Plaintiff lists a variety of constitutional violations—citing the First, Fourth, Fifth, Eighth, and Fourteenth Amendments—his overarching allegation (beyond alleging that he

7

is innocent of the criminal charges) is that he is being wrongly prosecuted because of a conspiracy against him.

As the Ninth Circuit has explained:

> To claim malicious prosecution, a petitioner must allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995); *see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions,* 323 F.3d 1198, 1204 (9th Cir.2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). It requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977). In general, a claim of malicious prosecution is not cognizable under § 1983 "if process is available within the state judicial systems" to provide a remedy, although "we have also held that an exception exists . . . when a malicious prosecution is conducted with the intent to . . . subject a person to a denial of constitutional rights." *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985) (en banc).

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (footnote omitted). These standards were also explained in a case in this district as follows:

> A malicious prosecution claim under § 1983 is based on state law elements. *See Usher,* 828 F.2d at 562. In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Villa v. Cole,* 4 Cal.App.4th 1327, 1335, 6 Cal.Rptr.2d 644 (1992); *Sagonowsky v. More,* 64 Cal.App.4th 122, 128, 75 Cal.Rptr.2d 118 (1998). If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail. *StaffPro, Inc. v. Elite Show Services, Inc.,* 136 Cal.App.4th 1392, 1398, 39 Cal.Rptr.3d 682 (2006).
>
> With respect to the element of favorable termination, this element "requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." *Pattiz v. Minye,* 61 Cal.App.4th 822, 826, 71 Cal.Rptr.2d 802 (1998). A termination is "not necessarily favorable simply because the party prevailed in the prior proceeding; the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against him." *Sagonowsky,* 64 Cal.App.4th at 128, 75 Cal.Rptr.2d 118. "If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution." *Pattiz,* 61 Cal.App.4th at 826, 71 Cal.Rptr.2d 802. "'It is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.'" *Sagonowsky,* 64 Cal.App.4th at 128, 75 Cal.Rptr.2d 118; *see Awabdy v. City of Adelanto,* 368 F.3d

>1062, 1068 (9th Cir.2004) (an individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. A dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant.). "Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly enforced.'" *StaffPro,* 136 Cal.App.4th at 1400, 39 Cal.Rptr.3d 682. The element of favorable termination in a malicious prosecution action is a legal question for the court to decide. *Id.* at 1398, 39 Cal.Rptr.3d 682.

*Womack v. Cty. of Amador*, 551 F. Supp. 2d 1017, 1031-32 (E.D. Cal. 2008).

Plaintiff's complaint fails to state a claim for malicious prosecution under these standards. First, Plaintiff has not alleged that his case was terminated favorably to him. On the contrary, he is asking for an injunction to intervene in his pending criminal proceedings.

Moreover, Plaintiff also has not alleged that the intent of the prosecution was to deny him constitutional rights. Instead, Plaintiff has offered only conclusory allegations that there is a conspiracy to prosecute him because he is "poor and black" and so that Defendants can "keep themselves in power." Such is not sufficient to state a claim under § 1983. *See Hassan v. Weidenfeld*, No. C11-2026-JCC, 2013 WL 4094838, at *8 (W.D. Wash. Aug. 13, 2013) (declining to consider in § 1983 action conclusory allegation that Plaintiff was arrested because of his race); *Lininger v. Pfleger*, No. 17-CV-03385-SVK, 2018 WL 10455841, at *9 (N.D. Cal. Apr. 4, 2018) (declining to consider "conclusory allegation of subjective chilling" in support of claim for malicious prosecution).

## IV.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends dismissing Plaintiff's case. The Court also does not recommend giving leave to amend. Notably, Plaintiff's complaint is directed at his ongoing state case, including the motives behind the Madera County prosecutors bringing that case and the evidence being used against him. Under the *Younger* abstention doctrine, Courts should not intervene in an ongoing state prosecution. Moreover, Plaintiff cannot allege malicious prosecution under Federal law because the case has not been terminated in his favor.

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed.[4]
2. The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 6, 2022**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[4] This dismissal is recommended to be without further leave to amend except insofar as it does not bar Plaintiff from refiling a claim for malicious prosecution if his criminal case is terminated in his favor.